# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv46
## (CRIMINAL CASE NO. 2:06cr25)

| | |
|---|---|
| SAMUEL EDDIE PHEASANT, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
|     vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's document captioned as a "Motion Pursuant to Fed.R.Civ. 15(a)" [sic] [Doc. 3], filed October 5, 2009; Petitioner's motion for the appointment of counsel [Doc. 11], filed March 11, 2010; Petitioner's motion for leave to file a traverse to the Government's Answer [Doc. 12], filed March 8, 2010; Petitioner's motion for an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) [Doc. 14], filed April 5, 2010; Petitioner's motion for leave to conduct discovery pursuant to Fed.R.Civ.P. Rule 6(a)(b) [Doc. 15], filed April 7, 2010; Petitioner's motion for leave to amend and/or supplement his motion to vacate pursuant to Fed.R.Civ.P. Rule 15 [Doc. 16], filed April 7, 2010; Petitioner's motion to enlarge time [Doc. 17], filed April 7, 2010; and

Petitioner's motion for counterclaim and for default judgment [Doc. 18], filed April 7, 2010.

The record reflects that on August 21, 2009, Petitioner filed a motion to vacate under 28 U.S.C. §2255 [Doc. 1]. Such motion alleges Petitioner received ineffective assistance of counsel by counsel's failure to advise him of his right to testify, by counsel's having precluded him from testifying, by counsel's failure to seek a plea agreement as Petitioner had asked him to do, by counsel's failure to present a complete defense for Petitioner, by counsel's failure to challenge the composition of the jury pool, and by counsel's failure to investigate and present witnesses to refute the Government's theories as to specific intent and premeditation. By Order filed August 27, 2009, the Court directed the Government to respond to Petitioner's § 2255 motion. The Government responded and filed a motion for summary judgment on November 10, 2009. [Docs. 7 and 8].

In the interim, however, Petitioner filed his motion under Rule 15(a) by which he appears to seek both to amend his motion to vacate to include a claim that counsel was ineffective for having failed to challenge the portion of the Court's Judgment which ordered him to make restitution, and to have the Court modify that Order by specifically indicating "how much

money is to be paid to each victim/payee per month or quarterly . . . or in the alternative, allot all but 10% of the [four thousand]-plus that he receives every 6-months."  [Doc. 3 at 2].

As the instant motion properly notes, Rule 15(a) of the Federal Rules of Civil Procedure entitles him to amend his pleading once as a matter of course before being served with a responsive pleading from the Government.  Therefore, it was not necessary for Petitioner to seek leave to file the subject amendment; he merely needed to give notice of such amendment.  Accordingly, Petitioner's motion to vacate will be amended to include the subject claim and his Rule 15(a) motion will be dismissed to the extent that it seeks leave for such amendment.

To the extent that Petitioner is seeking a modification of the Court's Judgment concerning his restitution, the motion must be denied. Petitioner's restitution Order constitutes a final judgment which the Court lacks the jurisdiction to alter except under limited circumstances.  Relevant here, 18 U.S.C. § 3613A permits a court to adjust a payment schedule "[u]pon a finding that the defendant is in default on a payment of a fine or restitution."  Similarly, 18 U.S.C. § 3664(k) permits a court to "adjust the

payment schedule, or require immediate payment in full" upon receiving notice of a material change in a movant's economic circumstances.

Assuming that he properly can bring this motion in this collateral proceeding, there is no evidence that Petitioner is in default of his obligation; nor has Petitioner established that there has been a material change in his economic circumstances so as to warrant a modification of his restitution. Accordingly, the portion of Petitioner's Rule 15(a) motion seeking a modification of his restitution Order will be denied.

Petitioner's motion for the appointment of counsel asserts, *inter alia*, that he is indigent and unable to retain an attorney or the assistance of a private investigator; that he has a limited education and is unable to properly present all the issues in his case; and that his motion to vacate raises meritorious issues of a constitutional magnitude. [Doc. 11].

The law is well-settled that there is no absolute right to the appointment of counsel; therefore, a litigant must present "exceptional circumstances" in order to require the Court to request the assistance of an attorney to represent a litigant who is unable to afford counsel. Miller v. Simmons 814 F.2d 962, 966 (4th Cir. 1987); see also 28 U.S.C. § 1915(e)(1). Exceptional circumstances may exist where "a *pro se* litigant

has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Likewise, exceptional circumstances may exist where the *pro se* litigant's complaint "present[s] complex legal issues." McEachin v. McGuinnis, 357 F.3d 197, 205 (2d Cir. 2004), quoted in Williams v. Collier, 2009 WL 2171236, at *3 (4th Cir. July 22, 2009).

In the instant case, Petitioner has failed to demonstrate any exceptional circumstances which warrant the assistance of counsel. Indeed, up to this point, Petitioner has more than adequately articulated his claims and positions. Furthermore, notwithstanding his assertion to the contrary, Petitioner's case does not appear to present any complex legal issues which require him to be assisted by counsel. Therefore, this motion also will be denied.

Petitioner also has filed motions for leave and for time to further reply and respond to the Government's response and motion for summary judgment. [Docs. 12 and 17]. Inasmuch as the Court hereafter will advise Petitioner of his obligation to respond fully to the Government, pursuant to

5

the principles announced in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), such motions will be dismissed as moot.

Petitioner has filed a motion for an evidentiary hearing on his motion to vacate. [Doc. 14]. The Government, however, has not yet been given an opportunity to respond to Petitioner's additional claim and Petitioner has not fully responded to the Government's motion for summary judgment. Therefore, the Court cannot yet determine whether it is clear from the pleadings, files, and records that Petitioner is not entitled to relief so as to eliminate the need for an evidentiary hearing. See United States v. Witherspoon 231 F.2d 923, 925-26 (4th Cir. 2000). Consequently, this motion will be denied as premature.

Petitioner's motion for leave to conduct discovery actually seeks a free copy of "the entire record of the Government" including, but not limited to "any and all documents, records, memorand[a], statements, reports, police notes, police reports of the incident, all police files that were used to generate the federal indictment, copy of the police affidavits(s), prosecutor's notes, prosecutor's faxes related to this action passed between defense and prosecutor, all proposed plea offers, all reports generated from any law enforcement agency"; all grand jury proceedings

transcripts; "the technical record, charging papers, clerk's file, motions filed, briefs, clerk's correspondence file"; and "all transcripts available or in your possession at the time of this request." [Doc. 15 at 1-2]. The law, however, does not entitle Petitioner to free copies of the numerous items which he is seeking. In fact, Petitioner is not even entitled to have access to many of the documents which he is requesting. Rather, as this Court explained to Petitioner on an earlier occasion, an indigent litigant who is pursuing a motion under § 2255 is entitled to free transcripts from his criminal proceedings only if the court determines that the motion to vacate is not frivolous and the transcripts are needed to decide the issues presented in the motion. 28 U.S.C. § 753(f); <u>United States v. MacCollom</u>, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

In the instant case, Petitioner has not bothered to explain why the transcripts now are needed inasmuch as he already has framed and presented his claims to the Court. Nor has he indicated that he made an unsuccessful attempt to secure any of the requested materials from his former defense attorney. Accordingly, this *de facto* motion for a free copy of the Government's entire file will be denied.

Petitioner's request for leave to amend and/or supplement his motion to vacate asserts that he has discovered "at a bare minimum" three additional issues which constitute "major violations" and, curiously, that he "has actually suffered prejudice as a result of his Fifth Sixth, and Eighth Amendment to the Constitution." [Doc. 16 at 1-2]. Petitioner, however, does not even hint at what these proposed claims would allege. In the absence of such pertinent information, the Court cannot begin to evaluate whether Petitioner should be permitted to amend his motion to vacate as requested. Therefore, this motion will be denied.

Petitioner's so-called motion for counterclaim against the United States and for default judgment seeks a default judgment on claims to which he contends the Government did not respond. [Doc. 18]. It appears, however, that the Government's response does address the sum and substance of all of the issues underlying the claims set forth in Petitioner's original motion to vacate. Furthermore, as the initiator of this action Petitioner simply may not bring a counterclaim against the Government. Therefore, this motion will be denied.

As to the Government's motion for summary judgment, the Court advises Petitioner, who is proceeding *pro se*, of the heavy burden that he

carries in responding to that motion. Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008). This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. **As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting the**

9

**Government's motion for summary judgment, that is, in the dismissal of Petitioner's motion to vacate with prejudice.**

**IT IS, THEREFORE, ORDERED:**

1. That Petitioner's "Motion Pursuant to Fed.R.Civ. 15(a)" [Doc. 3] is **DISMISSED AS MOOT** to the extent that it seeks leave to amend his motion to vacate. Petitioner's motion to vacate shall be deemed amended to include a claim that trial counsel was ineffective for failing to challenge the Court's Judgment concerning restitution;

2. That the portion of said Motion [Doc. 3] which seeks a modification of the restitution Order is **DENIED;**

3. That within twenty (20) days of the entry of this Order, the Government shall file a response to the additional allegation of ineffective assistance of counsel as identified herein;

4. That Petitioner's motion for the appointment of counsel [Doc. 11] is **DENIED**;

5. That Petitioner's motions for leave and for time to further reply and respond to the Government's response and motion for summary Judgment [Docs. 12 and 17] are **DISMISSED AS MOOT**;

6. Petitioner's motion for an evidentiary hearing [Doc. 14] is **DENIED WITHOUT PREJUDICE** as premature;

7. Petitioner's de facto motion for a free copy of the Government's entire file [Doc. 15] is **DENIED**;

8. Petitioner's motion for leave to amend and/or supplement [Doc. 16] is **DENIED**;

9. Petitioner's motion for counterclaim and for default judgment [Doc. 18] is **DENIED**; and

10. Petitioner has thirty (30) days from the date on which the Government files its response to his additional claim of ineffective assistance of counsel to file his own response, including any evidence, to the Government's entire motion for summary judgment.

The Clerk shall send copies of this Order to Petitioner and the United States Attorney.

**IT IS SO ORDERED.**

Signed: April 29, 2010

Martin Reidinger
United States District Judge