# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv46
## [Criminal Case No. 2:06cr25]

| | |
|---|---|
| SAMUEL EDDIE PHEASANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Production of Records/Transcripts [Doc. 13] and Clarification Motion [Doc. 22].

On August 21, 2009, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, alleging that he was subjected to numerous instances of ineffective assistance of counsel. [Doc. 1]. After conducting an initial review and determining that Petitioner's claims were sufficient to require a response from the Government, on August 27, 2009, the Court entered an Order directing the Government to respond to Petitioner's motion. On November 10, 2009, the Government responded and filed a motion for summary judgment. [Docs. 7 and 8].

Petitioner's Motion for Production of Records/Transcripts is his third request essentially seeking free copies of his entire criminal file. [See Criminal Case 2:06cr25, Doc. 49; and Doc. 15 at 1-2]. In support of this Motion, Petitioner asserts that he needs copies of "documents, records and transcripts" from his criminal case because he lacks the resources with which to pay for the materials, and was unable to secure them from former counsel; and that "[w]ithout being able to make specific references to the records pertinent to this case [his] allegations remain bald, unsupported assertions." [Doc. 13 at 1-2].

As the Court twice has advised Petitioner, the law does not entitle him to free copies of the numerous documents which he is seeking. In fact, Petitioner is not entitled to have access to many of the documents which he is requesting. Rather, an indigent litigant who is pursuing a motion under § 2255 is entitled to free transcripts from his criminal proceedings only if the court determines that the motion to vacate is not frivolous and the transcripts are needed to decide the issues presented in the motion. 28 U.S.C. § 753(f); see also United States v. MacCollom, 426 U.S. 317, 96 S.Ct 2086, 48 L.Ed.2d 666 (1976) (discussing requirements for free copies of transcripts from criminal file).

Once again, Petitioner has failed to explain what he expects to gain from

each of the documents which he is requesting.  Such omission is particularly glaring in light of the facts that Petitioner both has been advised of this omission in connection with his earlier requests for the documents <u>and</u> he already has framed and presented his claims to the Court.   Accordingly, Petitioner's Motion for Production of Records/Transcripts will be denied.

The other Motion before the Court, Petitioner's so-called Clarification Motion, actually is a request that the Court consider certain Affidavits that he filed along with his original Motion to Vacate as a response to the Government's request for a summary judgment on Petitioner's amended claim for relief.  As to that matter, the record reflects that on April 30, 2010, the Court entered an Order which, *inter alia*, dismissed Petitioner's request to amend his § 2255 Motion but noted that the § 2255 Motion was amended, as a matter of right, to include an additional claim concerning counsel. [Doc. 20]. That Order also advised Petitioner of the Government's Motion for Summary Judgment and his obligation under Federal Rule of Civil Procedure 56(e)(2) to file a response to that Motion.  [<u>Id</u>.].  In light of the amendment, however, the Court previously directed the Government first torespond to Petitioner's new claim and, in the event the Government sought a summary judgment on that additional claim, the Court further directed Petitioner to respond within thirty days to the Government's new arguments.  [<u>Id</u>.].  On May 3, 2010, the

Government filed its response in opposition to Petitioner's new claim and requested a summary judgment thereon. [Doc. 21]. Thus, by the terms of the Court's Order, Petitioner's response was due on or before June 2, 2010.

Petitioner failed to meet that deadline and instead filed the instant "Clarification Motion" on July 9, 2010. [Doc. 22]. Petitioner's Motion asserts that there were several circumstances beyond his control which prevented him from timely filing a response to the Government's amended motion for summary judgment. [Doc. 22 at 1-2]. Having carefully reviewed the matters in Petitioner's Clarification Motion, the Court has concluded that to the extent that his Affidavits address any of the Government's arguments in favor of summary judgment, the Affidavits will be considered for the purpose of opposing the Government's entire Motion for Summary Judgment.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Production of Records/Transcripts [Doc. 13] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's Clarification Motion [Doc. 22] is hereby **GRANTED** in part and **DENIED** in part.

Signed: November 11, 2010

Martin Reidinger
United States District Judge